IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 07-20145-01-KHV |
| PABLO RENE BUCIO, ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on <u>Defendant Pablo Bucio's Motion For Disclosure Of Grand Jury Transcripts</u> (Doc. #126) filed June 8, 2009. Defendant seeks a copy of the transcript of all grand jury testimony in his case.

The district court has discretion whether to release grand jury transcripts. See <u>Douglas Oil Co. v. Petrol Stops N.W.</u>, 441 U.S. 211, 223 (1979); <u>In re Lynde</u>, 922 F.2d 1448, 1451 (10th Cir. 1991). To obtain a grand jury transcript, defendant must make a strong showing of "particularized need" that outweighs the public policy of grand jury secrecy. <u>Douglas Oil</u>, 441 U.S. at 222; see <u>United States v. Warren</u>, 747 F.2d 1339, 1347 (10th Cir. 1984). A general claim that the transcript possibly contains exculpatory evidence does not suffice. <u>In re Lynde</u>, 922 F.2d at 1454; see <u>United States v. Kim</u>, 577 F.2d 473, 478 (9th Cir. 1978) (fishing expedition not permitted).

Here, defendant maintains generally that he believes that the grand jury testimony "contains relevant and exculpatory <u>Brady</u> and/or <u>Giglio</u> witness material and/or statements that should have been disclosed to the defense prior to Mr. Bucio's plea in the case, and such evidence may well have made a difference to Mr. Bucio in determining whether or not to enter his plea of guilty and said evidence will be necessary to Mr. Bucio if given the opportunity to present his case to a jury."

Defendant Pablo Bucio's Motion For Disclosure Of Grand Jury Transcripts (Doc. #126) at 1.  In the alternative, defendant asks the Court to review the materials *in camera*.  Defendant has articulated only a general claim that the grand jury transcript may contain exculpatory material.  Defendant has not specified why he believes the grand jury testimony contains exculpatory material and how any such evidence would be relevant to his prior decision to plead guilty in this matter.  Accordingly, any review of the grand jury transcript by the Court or defendant would merely be a fishing expedition.  In sum, defendant has not made a strong showing of particularized need that outweighs the public interest in secrecy of grand jury proceedings.  The Court therefore overrules defendant's motion.

**IT IS THEREFORE ORDERED** that Defendant Pablo Bucio's Motion For Disclosure Of Grand Jury Transcripts (Doc. #126) filed June 8, 2009 be and hereby is **OVERRULED**.

Dated this 23rd day of June, 2009, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge