**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION |
| v. | ) | No. 07-20145-01-KHV |
| | ) | |
| PABLO RENE BUCIO, | ) | CIVIL ACTION |
| | ) | No. 11-2071-KHV |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

On February 7, 2011, defendant filed a <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody</u> (Doc. #179). The Court directed the government to file a response to defendant's motion. <u>See</u> <u>Order</u> (Doc. #180). This matter is before the Court on <u>Plaintiff's Motion To Enforce Waiver Of Collateral Attack</u> (Doc. #184) and the <u>Government's Motion For Extension Of Time To Respond To Defendant's Section 2255 Motion</u> (Doc. #185), both filed March 25, 2011.

Liberally construed, defendant's Section 2255 motion asserts that his conviction should be vacated based on ineffective assistance of counsel by his first attorney, Carl Cornwell, and his second attorney, David Kelly. In particular, defendant asserts that Mr. Cornwell was ineffective in that he told defendant that if he had misinformed defendant about (1) how the sentencing guideline on relevant conduct, U.S.S.G. § 1B1.3, applied in defendant's case or (2) defendant's eligibility for the Residential Drug Abuse Program ("RDAP"), defendant could have his plea vacated under <u>United States v. Cockerham</u>, 237 F.3d 1179, 1181 (10th Cir. 2001), <u>cert. denied</u>, 534 U.S. 1085 (2002), based on ineffective assistance of counsel. Doc. #179 at 20, 25. Defendant also claims that Mr. Cornwell was ineffective in that he did not tell defendant that the statement of Calvin Jensen to

police on October 4, 2007 did not mention defendant. Id. at 20, 25-27. Finally, defendant asserts that Mr. Kelly was ineffective in that (1) he did not file a motion to withdraw the guilty plea before sentencing based on ineffective assistance of counsel by Mr. Cornwell and (2) at or after sentencing, he did not object that the Court failed to make certain findings to support defendant's sentence of 327 months.[1] Id. at 27-30. The government argues that the waiver of collateral challenges in the plea agreement bars all of defendant's claims.

A knowing and voluntary waiver of the statutory right to appeal or to collaterally attack a sentence is generally enforceable. United States v. Chavez-Salais, 337 F.3d 1170, 1172 (10th Cir. 2003); United States v. Cockerham, 237 F.3d 1179, 1181 (10th Cir. 2001), cert. denied, 534 U.S. 1085 (2002); United States v. Hernandez, 134 F.3d 1435, 1437 (10th Cir. 1998). The Court applies a three-pronged analysis to evaluate the enforceability of such a waiver: (1) whether the disputed issue falls within the scope of the waiver; (2) whether defendant knowingly and voluntarily waived his rights; and (3) whether enforcing the waiver would result in a miscarriage of justice. United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).

To determine whether the disputed issue falls within the scope of the waiver, the Court begins with the plain language of the plea agreement. United States v. Anderson, 374 F.3d 955, 957 (10th Cir. 2004); Hahn, 359 F.3d at 1328. The Court construes the plea agreement according to contract principles and based on what defendant reasonably understood when he entered the plea. United States v. Arevalo-Jimenez, 372 F.3d 1204, 1206 (10th Cir. 2004). The Court strictly construes the waiver and resolves any ambiguities against the government and in favor of defendant. Hahn, 359

---

[1] In his motion, defendant asserts that Mr. Kelly was ineffective for failing to raise the issue in a Rule 35 motion after sentencing. The Court broadly construes defendant's claim as an attack that Mr. Kelly did not object to his base offense level at or after sentencing.

F.3d at 1343.

The plea agreement states in relevant part as follows:

**14. Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein (including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release). The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion under Fed. Rule of Civ. Pro 60(b). In other words, the defendant waives the right to appeal the sentence imposed except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by Title 18, U.S.C. § 3742(a).

Plea Agreement ¶ 14, attached to Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #92) filed December 1, 2008. The scope of this waiver unambiguously includes the right to collaterally attack by a Section 2255 motion any matter in connection with defendant's prosecution, conviction or sentence. In Cockerham, however, the Tenth Circuit noted that "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." 237 F.3d at 1187.

Here, defendant's ineffective assistance of counsel claims related to Mr. Cornwell (suggesting that defendant could withdraw his plea if counsel's predictions about relevant conduct and eligibility for RDAP were incorrect and failing to advise defendant about the evidence against

-3-

him) challenge the voluntariness and validity of the plea. Because defendant has raised claims which challenge the voluntariness of his plea, the Court declines to enforce the plea agreement's waiver of collateral challenges as to the claims related to Mr. Cornwell and the claim that Mr. Kelly was ineffective in not filing a motion to withdraw the plea based on ineffective assistance of counsel by Mr. Cornwell. The final claim related to Mr. Kelly (failure to object to defendant's offense level at or after sentencing) appears to fall within the scope of the waiver, but because defendant's other claims challenge the voluntariness of defendant's plea and waiver, the Court directs the government to respond to defendant's final claim as well.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Enforce Waiver Of Collateral Attack (Doc. #184) filed March 25, 2011 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Government's Motion For Extension Of Time To Respond To Defendant's Section 2255 Motion (Doc. #185) filed March 25, 2011 be and hereby is **SUSTAINED**. **On or before July 25, 2011, the government shall file a response to defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #179). On or before August 22, 2011, defendant may file a reply.**

Dated this 7th day of July, 2011, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
